Hornb lower, C. J.
Several reasons have been assigned and urged by counsel, in support of this rule. I shall notice such of them, as claim any serious consideration by the Court.
First. The first ground relied upon in favor of a new trial, is that the defendants have discovered new and material evidence since the trial.
. In support of this reason, the affidavit of Moses B. Salmon has been read, in which he states, in substance, that he was at the fire shortly after it broke out; that he went to a door of the building and found it íiistened; that Robert Nichols one of the plaintiffs was standing against it, and when the witness attempted to open the door, Nichols forbid him to do so; that he asked Nichols where the key was, and he answered that Van Houten had it; that the witness then insisted upon opening the door, and attempted to do so, but Nichols again forbid him ; that the door might have been forced open, and a large portion of the goods rescued from the flames, as the fire at that time was in the far end of the building. An affidavit was also read, stating that this evidence was unknown to the defendants at the time of the trial, and could not have been procured at that time, by any reasonable diligence.
Iliis evidence, if it had been adduced on the trial, could have been material only for the purpose of shewing fraud on the part of the plaintiffs, or inducing a belief that but for the conduct of Robert Nicliols, one of the plaintiffs, much of the property might have been saved from destruction. But in either point of view, it is not newly discovered evidence of such a character, as entitles the party to a new trial. On the trial of the cause, all pretence or suspicion of any thing unfair on the part of the plain *412 tiffs in the origin of the fire, was expressly disclaimed by the defendánts. I do not mean to say that the defendants have thereby precluded themselves from now imputing fraud to the plaintiffs, if they have since discovered evidence that shakes the confidence they then had in their integrity: but the evidence ought to be of such a decisive character, as in the opinion of the Court, would justify a jury to find for the defendants on the ground of fraud. This evidence is not such: it could have had but a very little influence on the minds of an intelligent jury, and at the most, have cast but a very slight shade of suspicion on the conduct of the plaintiffs. So far as the newly discovered evidence might go to shew that a greater loss was occasioned by the improper, or injudicious conduct of the plaintiff, Robert Nichols, in preventing the door from being opened, it would only be cumulative ; for upon that point, there was much and contradictory evidence on the trial. Some witnesses were of opinion that if the door spoken of by Salmon, had been opened, much goods might have been saved, and others who were early at the fire, testified that if that door had been opened, it would have expedited the flames by the rush of wind through the building, and defeated all chance of extinguishing the fire, and prevented the getting out the goods that were saved from the cellar.
It is against the general rule, to grant a new trial merely to let in newly discovered evidence, of facts and circumstances, relating to matters which were controverted on the former trial, unless those facts or circumstances, were important and conclusive in their nature, upon the rights of the parties, and the newly discovered evidence, is of such a character, as clearly and decisively to establish them the one way or the other. New trials would be endless if every additional circumstance, bearing on the matter in controversy, was a cause for a new trial. Smith v. Brush, 8 Johns. R. 84 ; Steinbach v. The Columbia Ins. Co. 2 Caines R. 129, Den v. Wintermute, 1 Green’s R. 177, 182.
There may be many persons, among the thousands who were present at this fire, yet unknown to the defendants, who might testify to important facts and circumstances, not yet proved; or give a very different account of what transpired at the fire, from what has hitherto been given : and this might continue to be the case after a dozen trials. The rule is well laid down by this
*413 Court in Jessup v. Cook, 1 Halst. R. 434, 442, “ the newly discovered evidence must be material,” and I will add, should be of a decisive character, “and such as to induce a belief that injustice has been done : mere cumulative or corroborating evidence is not sufficient. (And see Den v. Geiger, 4 Halst. 225 ; Sheppard v. Sheppard, 5 Halst. 250, 253; Deacon v. Allen, 1 South. 338, 342.
Secondly. The Court are called upon to grant a new trial, for the misdirection of the Judge before whom the cause was tried.
It was admitted on the trial, that all the specified preliminary proofs, required by the ninth article of,the conditions of the policy, bail been complied with; but by a clause in that article, the plaintiffs are bound, if required so to do by the Company, to verify their loss, by “ their books of account and other proper vouchers.” This additional proof had been demanded by the Company, but upon being informed by tire plaintiffs, that all their books of account and invoices of goods, had been destroyed by the fire, the Company proposed that the plaintiffs should furnish them with bills of parcels of the materials recently purchased by the plaintiffs, and also with the pass books of their journeymen, in which were entered the boots and shoes or other manufactured articles made and delivered by them to the plaintiffs. There was also evidence going to show that the plaintiffs had promised the defendants before bringing this action, to furnish them with such documents, but they had never done so. On the trial, the defendants called upon the Court to charge the Jury, that the plaintiffs having neglected to comply with the foregoing requirement, previous to the commencement of this action, were not entitled to recover. The Court however refused so to charge; and upon reflection, I am perfectly satisfied, the refusal to give such directions to the Jury, was right and proper. The Jury were instructed that if they were satisfied that all the plaintiffs’ books of account and business vouchers were burnt up, they were not bound to procure such documents as were called for by the defendants: that such invoices and pass books, were not in the plaintiffs’ possession or control; they belonged to the merchante and journeymen with whom they had dealings, and were not “ the books and other proper vouchers ” of the plain *414 tiffs, required to be produced, by the conditions of the policy.— This direction was undoubtedly correct. The plaintiffs were not bound to lay this sort of evidence before the Company, before they commenced their suit, any more than they were to submit to them any other evidence .upon which they might rely to make out their loss; nor were they bound to produce such invoices and pass books, on the trial. If they omitted to do so, it was at their peril; but if they could satisfy the Jury of the extent of their loss, by other legal testimony, it was all that was necessary.
Thirdly. Another reason assigned for a new trial, was, that it appeared by the policy given in evidence, and by the plaintiffs’ declaration, that the property destroyed was covered by another policy, to the amount of six hundred dollars, issued by the Newark Mutual Fire Assurance Company, and yet the Jury have made no rebate for the average portion of the entire loss chargeable to that Company. In answer to this it is now said, that no such other policy existed, and the representation made to the defendants, of such other policy being on the property, at the time of making this insurance, originated in a mistake. But no evidence was. exhibited at the trial, of any such misfake, and on this ground a new trial must be granted, unless the plaintiffs will remit upon the record, the excess of damages. (See Broadhead v. Marshall, 2 Bl. R. 955; Pierson v. Dunlop et al. Cowp. 571, 575, and Vernon v. Hankey, 2 T. R. 113.)
Ford, White, and Dayton, Justices, concurred.
N. B. The plaintiffs having remitted the excess of damages, The rule was discharged.
Cited in Van Riper v. Dundee Manufacturing Co., 4 Vr. 155.